

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2009

# USA v. Sosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3177

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Sosa" (2009). *2009 Decisions*. Paper 1525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3177

UNITED STATES OF AMERICA

v.

JOHN A. SOSA,
                              Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 04-cr-0412-1
(Honorable Katharine S. Hayden)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2009

Before:  SCIRICA, *Chief Judge*, AMBRO and SMITH, *Circuit Judges*.

(Filed April 17, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

I.

John Sosa pleaded guilty to conspiracy to distribute cocaine and heroin in violation

of 21 U.S.C. § 841(a), (b)(1)(A) and 21 U.S.C. § 846.  Because Sosa's plea agreement

contained no stipulations, the District Court held an evidentiary hearing to determine the quantity of drugs Sosa had conspired to distribute and the extent of his role in the conspiracy. Based on the evidence set forth in that hearing, the court sentenced Sosa to 210 months' imprisonment. On appeal, Sosa contends the District Court (1) miscalculated the quantity of drugs he had conspired to distribute, and (2) erred by failing to properly consider the 18 U.S.C. § 3553(a) factors when determining his sentence.[1]

## II.

Sosa orchestrated a large and thriving illegal drug-trafficking network which distributed large quantities of heroin and cocaine in and around Union County, New Jersey. Although Sosa was often personally involved in both distributing drugs and collecting proceeds, he also delegated responsibility for these activities to a number of co-conspirators. Sosa's group purchased drugs by the kilogram and supplied it to mid-level dealers. These mid-level dealers then further divided the drugs and sold them to low-level street dealers. According to the sworn statement of Francisco Da Cruz, who participated in Sosa's operation, Sosa's network was distributing approximately two kilograms of heroin and four to five kilograms of cocaine per week.

Sosa first contends the District Court overestimated the quantity of drugs he had conspired to distribute, and therefore erred by using this quantity to determine his offense level under § 2D1.1 of the Sentencing Guidelines. According to Sosa, the methodology

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007).

2

used by the government, and relied on by the court, to calculate the drug quantity was flawed, resulting in an inaccurate quantification and, consequentially, an improper sentence.

For the purpose of sentencing, we review the District Court's drug quantity findings for clear error. *United States v. Yeung*, 241 F.3d 321, 322 (3d Cir. 2001). Accordingly, determination as to drug quantity must be supported by a preponderance of the evidence, and such evidence "must possess 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999) (quoting *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993)). Although a court may not base its calculations on "mere speculation," *United States v. Collado*, 975 F.2d 985, 998 (3d Cir. 1992), a court is permitted "a degree of estimation" when arriving at a specific quantity determination. *Gibbs*, 190 F.3d at 203. Courts may estimate drug quantity using a variety of evidentiary sources, including intercepted telephone conversations, *Collado*, 975 F.2d at 998, and testimony of co-defendants. *Gibbs*, 190 F.3d at 204.

Based on drug-quantity evidence provided at the sentencing hearing, the District Court assigned to Sosa a base offense level of 36. There is some small discrepancy as to the exact quantity of heroin and cocaine attributable to Sosa;[2] however, all estimates on

---

[2]The Government attributes to Sosa 33,410 grams of cocaine and 8,944 grams of heroin, whereas the presentence report attributes 27,998.63 grams of cocaine and 9,393 grams of heroin.

which the court relied were sufficient to support an offense level of 36. *See* U.S.S.G. § 2D1.1(c)(2). The court's decision was based primarily on a summary report created by Detective James Malone. Over the course of investigating Sosa's criminal organization, Detective Malone intercepted more than 19,000 drug-related telephone calls. Out of this total, Detective Malone took a representative selection of 90 to 95 calls. Before including these conversations in his report, Detective Malone listened to each call personally and interpreted them based on his knowledge and experience as a trained narcotics investigator. The individuals heard on these intercepted calls were identified through surveillance, information from confidential informants, and from names used in the calls themselves. Furthermore, Malone used the testimony of Sosa's co-conspirators along with evidence obtained during drug seizures to corroborate much of the drug activity discussed in the recorded calls.

Sosa contends that the methodology by which Detective Malone created his summary report was irredeemably flawed, and therefore lacks the reliability necessary to support the District Court's findings. First, Sosa points to two instances wherein Detective Malone mistakenly double-counted drug transactions in his report. These errors were brought to light during cross examination, and Detective Malone immediately acknowledged and corrected them. Second, Sosa alleges Detective Malone misinterpreted some of the drug-related conversation captured by the telephonic wiretap.

Like the District Court, we do not believe these two instances challenging the government's methodology are sufficient to undermine the entirety of its overwhelming

4

evidence. Furthermore, in light of the substantial corroborating evidence and Detective Malone's credibility, the court was persuaded by Detective Malone's interpretation of the intercepted calls. The District Court found particularly significant the fact that Detective Malone's report cautiously underestimated the amount of drugs attributable to Sosa. Not only did his report include a mere fraction of the thousands of intercepted calls, it also omitted substantial amounts described by, or seized from, co-conspirators.[3]

After considering the evidence, along with the careful and methodical investigative techniques by which it was obtained, we conclude the District Court did not commit clear error in finding the weight of the evidence possessed "sufficient indicia of reliability" to support an offense level of 36. *Gibbs*, 190 F.3d at 203.

### III.

Sosa also contends the District Court failed to adequately consider the 18 U.S.C. § 3553(a) factors in arriving at its sentencing decision. We review under an abuse of discretion standard to ensure that sentences are both procedurally and substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Procedural reasonableness entails a "meaningful consideration" of the factors set forth in 18 U.S.C. § 3553(a), and the substantive reasonableness standard requires a district court to premise the defendant's sentence "upon appropriate and judicious consideration" of those factors. *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). So long as the record

---

[3]This includes the above mentioned statement of Da Cruz, who said Sosa was distributing two kilograms of heroin and four to five kilograms of cocaine per week.

indicates that it took the factors into consideration, the sentencing court need not discuss each of them specifically. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

The District Court did not abuse its discretion. The court specifically, and repeatedly, addressed and considered the factors set forth in § 3553(a) and adjusted Sosa's sentence accordingly. When considering Sosa's request for an acceptance of responsibility adjustment, the court, after reflecting upon the § 3553(a) factors, decided to reduce Sosa's offense level by a full three points so as to avoid imposing a sentence that was "more than necessary under the § 3553(a) analysis."[4] The court responded similarly to Sosa's request that it account for his personal injuries—which he suffered as a direct result of his criminal activities—and the allegedly substandard conditions of his pre-sentence confinement. After considering these ailments in light of the § 3553(a) factors, the District Court decided to impose a sentence that falls at the lowest point on the Guidelines range. According to the court, 210 months' imprisonment was sufficient, but not greater than necessary, "to protect the public, to afford adequate deterrence, to promote respect for the law, and to provide just punishment." We agree.

Finding the District Court's drug quantity calculation was not clearly erroneous, and its sentencing decision to be procedurally and substantively reasonable, we will affirm the judgment of conviction and sentence.

_____

[4]The court's decision to award a three-point, rather than two-point, offense level reduction resulted in an adjusted Guideline range of 210—262 months rather than 235—293 months. U.S.S.G. ch. 5, pt. A.